UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

AVAIL 1 LLC,

            Plaintiff,

v.

CYNTHIA ERHARD, LINDA ERHARD,
as heirs and next of kin to the Estate
of Patricia W. Johnson and Conrad
F. Johnson,

            Defendants.

---

1:24-CV-00144 – JLS (MJR)

REPORT AND
RECOMMENDATION

    This case has been referred to the undersigned pursuant to Section 636(b)(1) of Title 28 of the United States Code, by the Honorable John L. Sinatra, Jr., for hearing and reporting on dispositive motions for consideration by the District Court. (Dkt. No. 12). Before the Court is plaintiff's motion for default judgment and for judgment of foreclosure and sale. (Dkt. No. 11). For the following reasons, it is recommended that plaintiff's motion be granted.

## FACTS AND BACKGROUND

    On February 13, 2024, plaintiff Avail 1 LLC filed a complaint seeking judgment of foreclosure and sale on a mortgage encumbering 6619 Plank Road, Mayville, New York, 14757, pursuant to Article 13 of the New York Real Property Actions and Proceedings Law ("RPAPL"). (Dkt. No. 1). According to the complaint, on May 31, 2012, Patricia W. Johnson and Conrad F. Johnson (hereinafter the "Johnsons"), who are now both deceased, executed a Home Equity Conversion Mortgage by which they promised to pay the lender, MERS as nominee for Associated Mortgage Banker, Inc., the sum of

$195,000. (*Id.*, ¶¶ 11-12). The Johnsons executed a promissory note evidencing their indebtedness and promising to pay back to Associated Mortgage Bankers, Inc. the amount of the loan plus interest in specified monthly installments. (*Id.*, at ¶¶ 12; Ex. C). As security for repayment of the note, the Johnsons executed a mortgage as to the real property located at 6619 Plank Road, Mayville, New York 14757 (the "Property"). (*Id.*, at ¶ 11; Ex. B). The mortgage was duly recorded in the Chautauqua County Clerk's Office on July 2, 2012. (*Id.*).

On or about August 21, 2019, the Home Equity Conversion Mortgage was assigned from MERS as nominee for Associated Mortgage Bankers, Inc. to the Secretary of Housing and Urban Development. (*Id.*, ¶ 15, Ex. D). The assignment was recorded in the Chautauqua County Clerk's Office on October 8, 2019. (*Id.*). On August 24, 2023, the Home Equity Conversion Mortgage was assigned from the Secretary of Housing and Urban Development to American Built Communities, Inc. (*Id.*). Also on August 24, 2023, the Home Equity Conversion Mortgage was assigned from American Built Communities, Inc. to Avail Holding LLC. (*Id.*). Also on August 24, 2023, the Home Equity Conversion Mortgage was assigned from Avail Holding LLC to Avail 1 LLC. (*Id.*). Each of the assignments made on August 24, 2023 were recorded in the Chautauqua County Clerk's Office on September 11, 2023. (*Id.*). Based on the assignment of mortgage made on August 24, 2023, plaintiff Avail 1 LLC is the holder of the promissory note and mortgage. (*Id.*).

The complaint alleges that, upon information and belief, the Johnsons are now deceased, with Patricia W. Johnson having died on March 25, 2020 and that Conrad F. Johnson having died on January 26, 2018. (*Id.*, at ¶ 14). Plaintiff alleges that the Home

Equity Conversion Mortgage is in default because the borrowers died and the Property is not the principal residence of at least one surviving borrower. (*Id.*, ¶ 13). Plaintiff alleges that pursuant to paragraph 9(a)(i) of the Home Equity Conversion Mortgage, titled "Grounds for Acceleration of Debt," plaintiff is now entitled to accelerate its security interest obligation and to collect the amount due and owing, as of August 18, 2023. (*Id.*, ¶¶ 13, 18, 21). Plaintiff alleges that by reason of the default, it has elected to declare the entire sum due under the agreement to be due and payable. (*Id.*, 19).

Plaintiff also alleges that it has complied with the contractual provisions of the loan documents in that a Default Notice to Cure, CFPB Reg. F Validation Notice, and RPAPL § 1304(1) ("90 Day Notice") was issued on August 18, 2023 to the Estate of Patrica W. Johnson and the Estate of Conrad F. Johnson advising of possible acceleration of the loan. (*Id.*, ¶ 21, Ex. E). As of the filing of the complaint, plaintiff alleges that the Estate of Patricia W. Johnson and Estate of Conrad F. Johnson have failed to respond to the Default Notice and 90 Day Notice. (*Id.*, ¶ 24).[1]

Plaintiff seeks sale of the property and recovery of the unpaid principal balance due on the mortgage lien, together with unpaid interest, service charges, and mortgage insurance premiums, for a total of $179,064.38 as of October 21, 2024. (Dkt. No. 11-1, ¶ 8).[2]

The complaint lists Cynthia Erhard and Linda Erhard, as heirs and next of kin to the Estate of Patricia W. Johnson and the Estate of Conrad F. Johnson. (Dkt. No. 1). The

---

[1] Plaintiff also alleges that it has complied with the applicable provisions of Section 595a and Section 6-1 of the Banking Law and RPAPL Section 1304. (Dkt. No. 1, ¶ 22).

[2] Plaintiff affirms that a notice of pendency was filed in the Chautauqua County Clerk with respect to the Property. (Dkt. No. 11-1, ¶ 6).

complaint indicates that the defendants, Cynthia Erhard and Linda Erhard, are the daughters of the Johnsons and may have an interest in the Property. (*Id.*, ¶¶ 6-8). It is alleged that the defendants have or may claim to have some interest in or lien upon the Property, which, if accrued after plaintiff's lien, is subsequent or subordinate to plaintiff's lien. (*Id.*).

On March 28, 2024, plaintiff sought an entry of default pursuant to Fed. R. Civ. P. 55(a). (Dkt. No. 8). On March 29, 2024, the Clerk of Court made an entry of default against the defendants. (Dkt. No. 9).

On December 30, 2024, plaintiff filed the instant motion for judgment of foreclosure and sale pursuant Rule 55(b) of the Federal Rules of Civil Procedure. (Dkt. No. 11). The motion was served on all defendants. (Dkt. No. 11-8). This Court set a briefing schedule which was mailed to the defendants at the respective addresses listed in plaintiff's certificate of service. Neither of the named defendants filed a response to plaintiff's motion for default judgment or otherwise contacted the Court. As of the date of this decision, the defendants have not responded to the motion for default judgment nor have they otherwise actively participated in this lawsuit.

## DISCUSSION

*Liability*

Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for default judgments. *See* Fed. R. Civ. P. 55. First, the moving party must obtain a certificate of default from the Clerk of Court. *Id.* Then, the moving party may apply for entry of default, and, where default occurs, the well-pleaded factual allegations set forth in the complaint related to liability are deemed true. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty*

4

*Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). In determining whether to grant a default judgment, the court must determine whether the plaintiff's allegations establish liability as a matter of law. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011). Under New York law, a plaintiff seeking to foreclose upon a mortgage must demonstrate "the existence of the mortgage, ownership of the mortgage, and the defendant's default in payment on the loan [secured by the mortgage]." *Gustavia Home, LLC v. Alvarez*, 16-CV-06633, 2017 U.S. Dist. LEXIS 86016 (E.D.N.Y. June 2, 2017) (internal citations omitted). Thus, "once the plaintiff submits the mortgage, the unpaid note, and evidence of the default, it has established a *prima facie* entitlement of judgment, and the burden shifts to defendant to rebut the plaintiff's evidence." *Id*. See also *U.S. v. Watts*, 13-CV-3211, 2014 U.S. Dist. LEXIS 120994 (E.D.N.Y. May 28, 2014) ("[O]nce a plaintiff mortgagee in a foreclosure action has established a *prima facie* case by presenting a note, a mortgage, and proof of default, it has a presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor.")

Here, the allegations in the complaint, as well as the documentary evidence submitted in support of plaintiff's motion, establish that plaintiff is entitled to default judgment. Plaintiff has produced copies of the promissory note and mortgage, thereby establishing the Johnsons' obligations thereunder. (Dkt. No. 11; Exs. B, C, D). Plaintiff has also produced evidence showing that it was the assignee of the promissory note and the mortgage has passed to it incident to the note. (Dkt. No. 11; Ex. D). See *Mortgage Elec. Registration Sys., Inc., v. Coakley*, 41 A.D.3d 674 (2d Dept. 2007) (holding that a mortgage is passed to the lawful holder of the promissory note).

The Home Equity Conversion Mortgage provides that in the event a borrower dies and the Property is not the principal residence of at least one surviving borrower, the lender may require immediate payment in full of all outstanding principal and accrued interest. Plaintiff has produced evidence that a Default Notice to Cure was issued on August 18, 2023 to the Estate of Patricia W. Johnson and the Estate of Conrad F. Johnson advising of acceleration of the loan and giving 90-day notice of foreclosure. (Dkt. No. 11-4, Ex. E). Plaintiff alleges that there has been no response to the default notice or 90-day notice. (Id., at ¶ 24). Thus, plaintiff has shown that the Johnsons have breached and violated the provisions of the promissory note.

Plaintiff has demonstrated compliance with Sections 1304 and 1306 of the New York RPAPL.[3] (Dkt. No. 1, ¶ 21, Ex. E). Plaintiff established that no other legal action or proceeding has been brought for the sums secured by the promissory note and mortgage. (Id. at ¶ 29). Plaintiff filed the appropriate notice of pendency with the Clerk of Chautauqua County, and the complaint has not been amended since this filing. (Dkt. No. 11-1, ¶ 6).

Plaintiff served the complaint and the instant motion for foreclosure on all defendants identified as having a potential subordinate or adverse interest in plaintiff's lien, namely Cynthia Erhard and Linda Erhard. (Dkt. Nos. 1, ¶¶ 6-8; 11-8).[4] Thus, plaintiff has complied with Section 1311(3) of the RPALP.[5]

---

[3] Section 1304 of the RPAPL requires a lender to give notice to a borrower ninety days prior to initiating foreclosure action.

[4] It is noted that no other tenants or occupants have been identified as having an interest in the subject Property.

[5] The RPALP requires "[e]very person having any lien or encumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff be made a party [to the foreclosure action]." See N.Y. RPALP §1311(3)

Because defendants have failed to answer the complaint or oppose the instant motion, they have failed to rebut plaintiff's *prima facie* showing that it is entitled to a default judgment. Therefore, the Court recommends that plaintiff's motion for a default judgment be granted against the named defendants.

*Damages*

After a motion for default judgment has been granted, the Court must determine the amount of damages. *See Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993). Although a court may hold a hearing on damages, a hearing is not required when plaintiff's documentation provides sufficient proof to award damages. *Id.* To that end, the "plaintiff bears the burden of presenting proof of damages, which may take the form of documentary evidence or detailed affidavits." *Joe Hand Promotions, Inc. v. Benitez*, 18-CV-06476, 2020 WL 5519200, at *3 (E.D.N.Y. Aug. 27, 2020), *adopted* 2020 WL 5516240 (E.D.N.Y. Sept. 14, 2020).

Plaintiff seeks to recover a total of $179,064.38, comprising of: (1) the unpaid principal of $87,004.33; (2) accrued unpaid interest, as of October 21, 2024, in the amount of $72,898.66; (3) mortgage insurance premiums in the amount of $18,910.39; and (4) property preservation fees in the amount of $251.00. (Dkt. No. 11-1, ¶ 8, Ex. C). In support of this request, plaintiff submits an affidavit from James Fratangelo, Manager of Avail 1 LLC, based on his personal knowledge and review of business records, together with supporting documents as to the basis for the amounts demanded. (*Id.*). The Court finds that the affidavit and detailed documentary evidence submitted by plaintiff in support of the motion for default judgment present sufficient proof of the damages, fees, and costs stated therein, and the Court recommends an award of the amount requested by plaintiff.

Plaintiff does not request to recover attorneys' fees associated with the pursuit of this action. (Dkt. No. 11-1, ¶ 10).

Plaintiff also requests a judgment of foreclosure and sale of the Property. (Dkt. Nos. 11-1; 11-3). To that end, plaintiff requests that the Court appoint Ralph M. Morh, Esq. as referee to sell the property in the manner described in the proposed Judgment of Foreclosure and Sale. (*Id.*) A plaintiff is entitled to foreclose upon and sell a property if it demonstrates "the existence of an obligation secured by mortgage, and a default on that obligation." *1st Bridge LLC v. 682 Jam. Ave. LLC*, 08-CV-3401, 2010 WL 4608326, at *3 (E.D.N.Y. July 13, 2010). Here, plaintiff has demonstrated a mortgage obligation and default, and therefore plaintiff is entitled to foreclose upon and sell the Property.

## **CONCLUSION**

For the foregoing reasons, it is recommended that the District Court grant plaintiff's motion for default judgment; that plaintiff be awarded the damages, fees, and costs described herein; and that plaintiff be granted a judgment of foreclosure and sale pursuant to Rule 55 of the Federal Rules of Civil Procedure. (Dkt. No. 11). It is further recommended that Judge Sinatra sign the proposed Judgment of Foreclosure and Sale filed on December 30, 2024 at **Dkt. No. 11-3**.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby **ORDERED** that this Report and Recommendation be filed with the Clerk of Court.

Unless otherwise ordered by Judge Sinatra, any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a),

and 6(d) of the Federal Rules of Civil Procedure, and W.D.N.Y. L. R. Civ. P. 72. Any requests for an extension of this deadline must be made to Judge Sinatra.

**Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report and Recommendation WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.** See *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the Magistrate Judge in the first instance. See *Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988).

*Finally, the parties are reminded that, pursuant to W.D.N.Y. L.R.Civ.P. 72(b), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority."* **Failure to comply with these provisions may result in the District Court's refusal to consider the objection.**

**SO ORDERED.**

DATED:   September 25, 2025
         Buffalo, New York

*[signature]*
MICHAEL J. ROEMER
United States Magistrate Judge